UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BORIS SHIRMAN<br><br>　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>WHEC-TV, LLC<br><br>　　　　　　　　　　Defendant. | Docket No. 6:18-cv-6508<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Boris Shirman ("Boris" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant WHEC-TV, LLC ("WHEC" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.　　This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted video of first time voters, owned and registered by Boris, a professional photographer and videographer. Accordingly, Boris seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.　　This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Boris is a professional photographer in the business of licensing his photographs and videos to online and print media for a fee having a usual place of business at 30 Wharton Court, Irvine, California 92617.

6. Upon information and belief, WHEC is a foreign limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 191 East Avenue, Rochester, New York 14604. Upon information and belief, WHEC is registered with the New York Department of Corporations to do business in New York. At all times material, hereto, WHEC has owned and operated a website at the URL: www.whec.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Video**

7. Boris videoed first time voters (the "Video").

8. The Video entitled "First-Time voters" was uploaded to YouTube.com. See URL https://www.youtube.com/watch?v=cHgzw1vM7Q8. Included herewith is a true and correct copy of the Video as it appears on Youtube as Exhibit A.

9. On YouTube it credited Boris for the video.

10. Boris is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

9. The Video was registered with the United States Copyright Office and was given registration number PA 2-107-311.

**B.   Defendant's Infringing Activities**

10. WHEC ran an article on the Website. See URL www.whec.com/pages/it/livestream.shtml. The article prominently featured the Video. Included herewith is a true and correct copy of the Video as Exhibit B.

11. WHEC did not license the Video from Plaintiff for its article, nor did WHEC have Plaintiff's permission or consent to publish the Video on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. WHEC infringed Plaintiff's copyright in the Video by reproducing and publicly displaying the Video on the Website. WHEC is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Video.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**<u>SECOND CLAIM FOR RELIEF</u>**
**<u>INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT</u>**
**<u>(17 U.S.C. § 1202)</u>**

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-16 above.

18. Upon information and belief, in its posting on the Website, Defendant copied the Video from the YouTube website and placed it on its Website.

19. Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the author of the Video.

20. The conduct of WHEC violates 17 U.S.C. § 1202(b).

21. Upon information and belief, WHEC falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

22. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by WHEC intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Video. WHEC also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Video.

23.     As a result of the wrongful conduct of WHEC as alleged herein, Plaintiff is entitled to recover from WHEC the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by WHEC because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

24.     Alternatively, Plaintiff may elect to recover from WHEC statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant WHEC be adjudged to have infringed upon Plaintiff's copyrights in the Video in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant WHEC be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Video;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 11, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard P. Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Boris Shirman*